IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEREMIAH WAYNE DISHMAN, ) | |
|     Plaintiff, ) | Case No. 7:23-cv-00641 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| OFFICER STANLEY, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Jeremiah Wayne Dishman, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that Officer Stanley with the Glade Spring Police Department ("Police Department") used excessive force in effecting his arrest. In addition to Officer Stanley, Dishman's complaint names the Police Department as a defendant. Because the Police Department is not a proper party to this action, the court will dismiss the claim against it pursuant to 28 U.S.C. § 1915A(b)(1).

I.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II.

State law determines whether a governmental body has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b). "In Virginia, departments of municipal governments are not capable of being sued in their own names." Allmond v. Sec. 8 Dep't of Hous., No. 1:03-cv-00894, 2003 WL 23784041, at *2 (E.D. Va. Sept. 25, 2003), aff'd, 89 F. App'x 392 (4th Cir. 2004). Accordingly, federal district courts have routinely "dismissed claims against police departments in Virginia, holding that they lack the capacity to be sued." Lucas v. Henrico Cnty. Pub. Sch. Bd., No. 3:18-cv-00402, 2019 WL 5791343, at *3 (E.D. Va. Nov. 6, 2019) (collecting cases); see also Hearn v. Hudson, 549 F. Supp. 949, 952 (W.D. Va. 1982) ("It appears that nothing in Virginia law recognizes municipal police departments as entities separate from their respective municipalities. Nor does anything in Virginia law support a direct action against a police department as an entity separate from the municipality itself."). Consistent with these decisions, the court concludes that any claim against the Police Department must be dismissed because this defendant does not have the capacity to be sued separately from the Town of Glade Spring.*

---

\* Even if Dishman had named the Town of Glade Spring as a defendant instead of the Police Department, his claim would be subject to dismissal under Monell v. Department of Social Services, 436 U.S. 658 (1978). In Monell, the Supreme Court held that municipalities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell, 436 U.S. at 691). Instead, they are responsible only for their "own illegal acts." Owens v. Balt. City State's Attys. Office, 767 F.3d 379, 402 (4th Cir. 2014) (citing Monell, 436 U.S. at 691). Thus, Dishman has no viable § 1983 claim against the Town of Glade Spring based solely on its employment relationship with Officer Stanley.

### III.

For the reasons stated, the court concludes that Dishman's complaint fails to state a claim against the Police Department. Therefore, the court will dismiss the claim against this defendant pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: November 13, 2023

Michael F. Urbanski
Chief United States District Judge